Argued May 22; affirmed June 11, 1946

## SCHULTZ *v.* HAMBACH ET AL.

(169 P. (2d) 882)

R. Frank Peters, Judge.

*Leo Levenson,* of Portland (with Irvin Goodman and W. C. Schwenn, of Portland, on brief), for appellant.

*Arthur S. Vosburg* (with Flegel, Vosburg, Joss & Hedlund, of Portland, on brief), for respondents.

BELT, C. J.

Plaintiff, as administratrix of the estate of Warren Thomas, deceased, brought this action to recover dam-

ages for the death of the intestate alleged to have been caused by the negligence of the defendant Carl Davis in driving an automobile owned by the defendants E. F. Hambach and his wife, Kathleen, and used for family purposes. The accident happened at night on a mountainous road in Washington county. Davis was driving in an easterly direction. The defendants are charged with negligence in that they:

"(a) * * * failed and neglected to maintain a proper or any lookout for plaintiff's intestate while he was walking on said highway;

"(b) * * * failed and neglected to have said motor vehicle under proper or any control;

"(c) * * * were careless, reckless and negligent in operating said motor vehicle at a fast and dangerous rate of speed under the circumstances there and then existing and at a speed which prevented said defendants from stopping said motor vehicle prior to striking plaintiff's intestate."

The defendants Hambach and Davis filed separate answers charging the decedent with contributory negligence in the following particulars:

"(a) In crossing from the north to the south side of Bull Mountain Road without first ascertaining that such movement could be made in safety.

"(b) In crossing from the north to the south side of Bull Mountain Road without looking to see if such movement could be made in safety.

"(c) In crossing from the north to the south side of Bull Mountain Road when plaintiff's intestate knew, or by the use of reasonable care and diligence should have known that such movement could not be made in safety."

The cause was submitted to a jury and a verdict returned in favor of defendants.

■ Plaintiff assigns error because the court gave the following instruction:

"In view of the specifications of negligence contained in the answers and charged against the deceased it is necessary to tell you the duties which the plaintiff's decedent Warren Thomas owed to the defendants at the time of the collision. It is the duty of every pedestrian crossing a roadway at any point other than within the marked or unmarked crosswalk to yield the right of way to vehicles upon the roadway. This provision of the statute, however, does not relieve the driver of a vehicle or the pedestrian from the duty of exercising due care."

It is the contention of the plaintiff that the above instruction was erroneous in that it pertained to a charge of negligence not within the issues. We believe this instruction concerning the reciprocal rights and duties of a driver and a pedestrian better enabled the jury to pass intelligently on the specific charges of negligence. The jury had to determine whether decedent exercised due care in keeping a lookout to see if he could cross the road in safety. The instruction concerning the matter of right of way was pertinent to the inquiry as to whether decedent exercised due care in crossing the road. The jury was repeatedly told that it must confine its deliberations to the specific allegations of negligence as made in the pleadings. It would have been better had the court instructed that the question of right of way could only be considered in determining the specific allegations of negligence as charged in the answers. However, we are convinced that the jury, in the light of the entire charge, could not have been misled and confused as to the real issues of the case. *Hornby v. Wiper*, 155 Or. 203, 63 P. (2d) 204, involved a similar question and was decided adversely

to the contention of appellant herein. In the Hornby case, the court read the statutory rules of the road to the jury, a part of which concerned the sounding of a horn on a mountainous highway. It was contended that such instruction was not supported by the evidence and was not within the issues of the pleadings. The court held, however, that the instruction was not prejudicial when considered with the entire charge. Also to the same effect see *Milton v. Los Angeles Motor Coach Co.,* 53 Cal. App. (2d) 566, 128 P. (2d) 178.

■ The only other assignment of error pertains to the question of damages. Since the cause was fairly submitted to the jury and it found for the defendants, such question is merely academic. Had the verdict been against the defendants, the assignment would be here for consideration.

Judgment is affirmed.